JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
BEACHBODY, LLC

FILED
CLERK, U.S. DISTRICT COURT

APR 2 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BEACHBODY, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

DAVID TRIPLETT, an Individual; and DOES 1-10, Inclusive,

Defendants.

Case No. CV 14-3150 ODW SGx

**COMPLAINT FOR DAMAGES:**

(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];
(2) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];
(3) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];
(4) TRADEMARK DILUTION [15 U.S.C. §1125(c)];
(5) UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE §17200]; and
(6) UNFAIR COMPETITION [California Common Law]

[DEMAND FOR JURY TRIAL]

COMES NOW, Plaintiff BEACHBODY, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against Defendant DAVID TRIPLETT, and DOES 1-10, inclusive (collectively "Defendants").

1

**PARTIES**

2    1.    Plaintiff is now, and was at the time of the filing of this Complaint
3  and at all intervening times, a Delaware Limited Liability Company, duly
4  authorized and licensed to conduct business in California, with its principal place
5  of business in Santa Monica, California.

6    2.    Plaintiff is informed and believes that Defendant DAVID TRIPLETT
7  is now, and was at the time of the filing of this Complaint and at all intervening
8  times, an individual residing in Charleston, Illinois.

9    3.    The true names and capacities, whether individual, corporate,
10  associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are
11  unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious
12  names.   When the true names and capacities of said Defendants have been
13  ascertained, Plaintiff will amend this pleading accordingly.

14    4.    Plaintiff further alleges that Defendant DAVID TRIPLETT, and
15  DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and
16  concurrently liable and responsible with the named Defendants upon the causes of
17  action hereinafter set forth.

18    5.    Plaintiff is informed and believes and thereon alleges that at all times
19  mentioned herein Defendant DAVID TRIPLETT, and DOES 1-10, inclusive, and
20  each of them, were the agents, servants and employees of every other Defendant
21  and the acts of each Defendant, as alleged herein, were performed within the
22  course and scope of that agency, service or employment.

23    **JURISDICTIONAL ALLEGATIONS**

24    6.    This Court has Federal subject matter jurisdiction over this matter
25  pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of
26  claims for trademark infringement, false designation of origin, unfair competition
27  and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright
28  infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction

1  pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

2  7.  Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
3  on information and belief, a substantial part of the events or omissions giving rise
4  to the claim occurred in this judicial district, and has caused damages to Plaintiff in
5  this district.

6  8.  Personal jurisdiction exists over Defendants because on information
7  and belief, Defendants conduct business in California and in this judicial district,
8  have purposefully directed action to California and this district, or have otherwise
9  availed themselves of the privileges and protections of the laws of the State of
10  California, such that this Court's assertion of jurisdiction over Defendants does not
11  offend traditional notions of fair play and due process.

12  **GENERAL ALLEGATIONS**

13  **Plaintiff and its Famous BEACHBODY® Fitness Products and Services**

14  9.  Plaintiff is a health, wellness and fitness company involved in, among
15  other things, the development, production, sale, and distribution of in-home fitness,
16  weight loss, and health products and services.

17  10.  One of the main components of Plaintiff's business encompasses the
18  production, sale and distribution of its BEACHBODY® family of fitness DVDs
19  and kits, including its famous FOCUS T25® fitness DVDs and kits. Plaintiff's
20  BEACHBODY®- and FOCUS T25®-branded products and services have
21  achieved great success since their introduction in 1999 and 2013, respectively.

22  11.  The success of Plaintiff's BEACHBODY and FOCUS T25 products
23  and services is due in part to Plaintiff's marketing and promotional efforts. These
24  efforts include advertising and promotion through Plaintiff's websites, print and
25  other internet-based advertising, in-person and televised promotional appearances
26  by its trainers, and its infomercials, among other efforts. Plaintiff has spent
27  substantial time, money and effort in building up and developing consumer
28  recognition, awareness and goodwill in its BEACHBODY and FOCUS T25

products, services and marks.   For example, Plaintiff has spent close to one hundred million dollars ($100,000,000.00) to air its television infomercials in each of 2009, 2010, 2011, 2012, and 2013.  On each FOCUS T25 exercise kit, in each infomercial, and in each piece of marketing material for FOCUS T25 products, the BEACHBODY® marks are prominently displayed along with the FOCUS T25 (on the FOCUS T25 products) marks.

12.    The success of the FOCUS T25 DVDs, kits and other products and services is not due to the Plaintiff's promotional efforts alone.   Rather, the popularity of FOCUS T25 is also due to its consumers, and the word of mouth buzz consumers have generated.  Success stories of countless individuals who have utilized FOCUS T25 to help achieve their respective fitness goals are far too numerous to recount, but include stories from all types of people ranging from your average men and women in almost all age groups, to well-trained professional athletes and celebrities looking to stay fit and in shape.  In fact, a wide array of newspapers, magazines and television networks has featured stories in which prominent celebrities and professional athletes have enthusiastically described their experience and success with the FOCUS T25 kits.

13.    As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the BEACHBODY® and FOCUS T25® marks and the BEACHBODY® and FOCUS T25® DVDs, products, and services have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with the Plaintiff's fitness DVDs and other products and services, and have come to recognize the BEACHBODY and FOCUS T25 marks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.   Indeed, the BEACHBODY and FOCUS T25 marks are famous in the United States.

/ / /

14.   In addition to the above, Plaintiff also owns or otherwise controls copyrights in and related to the FOCUS T25 exercise kits.  Plaintiff's rights protect the entirety of the kit as well as the many works therein.

15.   While Plaintiff has gained significant common law trademark and other rights in its BEACHBODY and FOCUS T25 products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

16.   Plaintiff owns the following United States Trademark Registrations for the "FOCUS T25" marks: U.S. Reg. Nos. 4404411; and 4412310.  These are attached hereto as **Exhibits A - B**.

17.   Similarly, Plaintiff owns the following U.S. trademark registrations for its "BEACHBODY" related marks: U.S. Reg. Nos. 2665151; 2853244; 2862904; and 2873866.  These are attached hereto as **Exhibits C - F**.

18.   Plaintiff also owns several United States Copyright Registrations relating to its BEACHBODY exercise kits, including a copyright application pending before the U.S. Copyright Office for registration of the FOCUS T25 Kit.

19.   Plaintiff has never authorized or consented to the use of BEACHBODY® or FOCUS T25® or any confusingly similar marks by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, offe for sale, sell, or distribute any BEACHBODY or FOCUS T25 product.

### Defendants' Wrongful and Infringing Conduct

20.   Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable time, money and effort to build up in its products and marks, and the works embodied in Plaintiff's fitness products.

/ / /

1    21.    A large number of these individuals and entities deal in pirated and
2  counterfeit BEACHBODY®-branded DVDs and other products and services,
3  including the famous BEACHBODY® FOCUS T25® products.   Their actions
4  vary and include manufacturing, copying, exporting, importing, advertising,
5  promoting, selling, and distributing counterfeit and otherwise unauthorized
6  products.

7    22.    Plaintiff investigates and enforces against such activity, and through
8  such efforts learned of Defendants, and Defendants' actions, advertising, offering
9  for sale, sale, distribution, and infringing conduct.

10    23.    Defendants use, amongst other things, the Internet website known as
11  eBay.com ("eBay") to offer for sale, sell, and distribute products, including
12  counterfeit fitness DVDs and kits bearing Plaintiff's BEACHBODY and FOCUS
13  T25 marks to consumers.   Defendants operate on eBay under the seller ID
14  "bigdaddydivad1."    Through the eBay website, Defendants regularly and
15  systematically advertised, marketed, offered for sale, sold, and distributed
16  counterfeit fitness products bearing Plaintiff's BEACHBODY and FOCUS T25
17  marks with payment processing through PayPal.com ("PayPal").    Investigation
18  into Defendants' sales activity on eBay evidences hundreds of prior sales of
19  counterfeit BEACHBODY FOCUS T25 exercise kits and DVDs.

20    24.    On January 14, 2014, Plaintiff purchased a purported FOCUS T25
21  exercise kit from Defendants under eBay seller "bigdaddydivad1" as offered for
22  sale by Defendants on eBay for a cost of $134.99 charged to a PayPal electronic
23  payment account (Transaction ID #7P6657032P005241X).   A true and correct
24  copy of the PayPal Transaction Details evidencing this transaction is attached
25  hereto as **Exhibit G**.

26    25.    The FOCUS T25®-branded product purchased from Defendants
27  under eBay seller "bigdaddydivad1" was received by Plaintiff (USPS Priority Mail
28  2-Day Tracking number 9405 5096 9993 7248 8290 35) and inspected by Plaintiff

1   to determine authenticity.  The inspection of the purchased item confirmed that the
2   item sold and distributed by Defendants under eBay seller ID "bigdaddydivad1"
3   was in fact a counterfeit and unauthorized BEACHBODY FOCUS T25 exercise kit
4   and DVDs.

5       26.   On   information   and   belief,   Defendants   sold   counterfeit
6   BEACHBODY products to numerous buyers residing within the State of
7   California and within the Central District of California, bearing Plaintiff's
8   BEACHBODY and FOCUS T25 marks.

9       27.   By these sales – and, on information and belief, Defendants other
10  dealings in counterfeit product (including importing, advertising, displaying,
11  distributing, selling and/or offering to sell counterfeit and unauthorized product) –
12  Defendants violate Plaintiff's exclusive rights in its copyrighted material, and use
13  images and marks that are confusingly similar to, identical to, and/or constitute
14  counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in
15  the promotion and sales of its unauthorized product.  Defendants' conduct and use
16  began long after Plaintiff's adoption and use of its BEACHBODY and FOCUS
17  T25 trademarks, after Plaintiff obtained the copyright and trademark registrations
18  alleged above, and after Plaintiff's marks became famous.  Indeed, Defendants had
19  knowledge of Plaintiff's ownership of the marks, and of the fame in such marks,
20  prior to the actions alleged herein, and adopted them in bad faith and with an intent
21  to cause confusion among consumers and dilute Plaintiff's marks.  Neither Plaintiff
22  nor any authorized agents have consented to Defendants' use of Plaintiff's
23  BEACHBODY or FOCUS T25 trademarks.

24      28.   Defendants' actions were committed in bad faith and with the intent to
25  dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the
26  consuming public and the public at large as to the source, sponsorship and/or
27  affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.
28  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's

1   goodwill.

2         29.   In committing these acts, Defendants have, among other things,

3   willfully and in bad faith committed the following, all of which have and will

4   continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's

5   rights in the BEACHBODY and FOCUS T25 marks; (ii) infringed Plaintiff's

6   copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing

7   there is an association or connection between Defendants and Plaintiff and/or the

8   products advertised and sold by Defendants and Plaintiff; (v) used false

9   designations of origin on or in connection with its goods and services; (vi)

10   committed unfair competition; (vii) and unfairly profited from such activity.

11   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

12   **FIRST CAUSE OF ACTION**

13   **(Infringement of Registered Trademarks Against Defendant DAVID**

14   **TRIPLETT, and DOES 1-10, Inclusive)**

15   **[15 U.S.C. §1114/Lanham Act §32(a)]**

16         30.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

17   1-29.

18         31.   Plaintiff has continuously used its BEACHBODY® and FOCUS

19   T25® marks in interstate commerce since at least as early as 1999, and 2013,

20   respectively.

21         32.   Plaintiff, as the owner of all right, title and interest in and to the

22   BEACHBODY and FOCUS T25 marks, has standing to maintain an action for

23   trademark infringement under the Trademark Statute 15 U.S.C. §1114.

24         33.   Defendants are and at the time of their actions complained of herein

25   were actually aware that Plaintiff is the registered trademark holder of the

26   BEACHBODY and FOCUS T25 marks. *See* **Exhibits A - F.**

27         34.   Defendants did not and failed to obtain the consent or authorization of

28   Plaintiff as the registered owner of the marks to deal in and commercially

**COMPLAINT FOR DAMAGES**

1  distribute, market and sell FOCUS T25 fitness DVDs and kits bearing Plaintiff's
2  BEACHBODY and FOCUS T25 marks into the stream of commerce.

3       35.    Defendants intentionally and knowingly used in commerce the
4  reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's
5  registered marks in connection with the sale, offering for sale, distribution, or
6  advertising of Defendant's goods by offering, advertising, promoting, retailing,
7  selling, and distributing counterfeit FOCUS T25 fitness DVDs and kits bearing the
8  FOCUS T25 and BEACHBODY marks.

9       36.    Defendants reproduced, counterfeited, copied, and colorably imitated
10 Plaintiff's registered BEACHBODY and FOCUS T25 marks and applied such
11 reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints,
12 packages, wrappers, receptacles and/or advertisements intended to be used in
13 commerce upon or in connection with the sale, offering for sale, distribution,
14 and/or advertising of goods.  Defendants thereupon offered, advertised, promoted,
15 retailed, sold, and distributed counterfeit FOCUS T25 fitness DVDs and kits
16 bearing the FOCUS T25 and BEACHBODY marks.

17      37.    Defendants' egregious and intentional use and sale of fake, pirated
18 and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or
19 to cause mistake, or to deceive, mislead, betray, and defraud consumers who
20 believe that Defendants' items are authentic products manufactured by Plaintiff.

21      38.    Defendants' acts have been committed with knowledge of Plaintiff's
22 exclusive rights and goodwill in the marks, as well as with bad faith and the intent
23 to cause confusion or to cause mistake and to deceive.

24      39.    Plaintiff has suffered and will continue to suffer substantial and
25 irreparable injury, loss and damage to its rights in and to the BEACHBODY and
26 FOCUS T25 marks and the goodwill associated therewith, for which it has no
27 adequate remedy at law; thus Plaintiff requests injunctive relief.
28 / / /

1       40.   Defendants' continued and knowing use of Plaintiff's marks without

2   Plaintiff's consent or authorization constitutes intentional infringement of

3   Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham*

4   *Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive

5   relief as well as monetary damages, and other remedies provided by section 1116,

6   1117, and 1118, including Defendants' profits, treble damages, reasonable

7   attorneys' fees, costs and prejudgment interest.

8   **SECOND CAUSE OF ACTION**

9   **(Federal Copyright Infringement Against Defendant DAVID TRIPLETT, and**

10   **DOES 1-10, Inclusive)**

11   **[17 U.S.C. §501(a)]**

12       41.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

13   1-40.

14       42.   Plaintiff is the exclusive owner of copyrights in and related to its

15   BEACHBODY fitness DVDs and kits and possesses copyright registrations with

16   the United States Copyright Office relating to the same.  Plaintiff presently has a

17   copyright application pending before the U.S. Copyright Office for copyright

18   registration of the entirety of the FOCUS T25 kit.

19       43.   Defendants did not seek and failed to obtain Plaintiff's consent or

20   authorization to utilize, manufacture, reproduce, copy, display, prepare derivative

21   works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-

22   protected materials.

23       44.   Without permission, Defendants intentionally and knowingly

24   reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's

25   protected works by offering, advertising, promoting, retailing, selling, distributing

26   counterfeit FOCUS T25 fitness DVDs and kits which are at a minimum

27   substantially similar to Plaintiff's copyright protected works.

28   / / /

45.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

46.    Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendant DAVID TRIPLETT, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

47.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-46.

48.    Plaintiff, as the owner of all common law right, title, and interest in and to the BEACHBODY and FOCUS T25 marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiff's BEACHBODY and FOCUS T25 marks are inherently distinctive and/or have acquired distinctiveness.

49.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the BEACHBODY and FOCUS T25 marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

/ / /

50.   Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

51.   On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

52.   Defendants knew or by the exercise of reasonable care should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

53.   Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine FOCUS T25 DVDs or kits.

54.   Defendants' continuing and knowing use of Plaintiff's mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

55.   Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its FOCUS T25 products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its

1 │ marks as commercial assets in an amount as yet unknown but to be determined at
2 │ trial.  Plaintiff seeks an accounting of Defendants' profits, and requests that the
3 │ Court grant Plaintiff three times that amount in the Court's discretion.

4 │     56.   Based on Defendants' wrongful conduct, Plaintiff is entitled to
5 │ injunctive relief as well as monetary damages, and other remedies as provided by
6 │ the Lanham Act, including Defendants' profits, treble damages, reasonable
7 │ attorneys' fees, costs and prejudgment interest.

8 │ ## FOURTH CAUSE OF ACTION

9 │ **(Dilution Against Defendant DAVID TRIPLETT, and DOES 1-10, Inclusive)**
10 │ **[15 U.S.C. §1125(c)]**

11 │     57.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
12 │ 1-56.

13 │     58.   Plaintiff's BEACHBODY® and FOCUS T25® marks are distinctive
14 │ and famous within the meaning of the Lanham Act.

15 │     59.   Upon information and belief, Defendants' unlawful actions began
16 │ long after Plaintiff's mark became famous, and Defendants acted knowingly,
17 │ deliberately and willfully with the intent to trade on Plaintiff's reputation and to
18 │ dilute Plaintiff's mark.  Defendants' conduct is willful, wanton and egregious.

19 │     60.   Defendants' intentional sale of fake, pirated and counterfeit items
20 │ bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,
21 │ mislead, betray, and defraud consumers to believe that the substandard imitations
22 │ are genuine FOCUS T25 kits and DVDs.  The actions of Defendants complained
23 │ of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to
24 │ impair the distinctiveness, strength and value of Plaintiff's marks, and injure the
25 │ business reputation of Plaintiff and its marks.

26 │     61.   Defendants' acts have caused and will continue to cause Plaintiff
27 │ irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully
28 │ for the damages that have been caused and which will continue to be caused by

1  Defendants' unlawful acts, unless they are enjoined by this Court.

2      62.    As the acts alleged herein constitute a willful violation of section

3  43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to

4  injunctive relief as well as monetary damages and other remedies provided by 15

5  U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble

6  damages, reasonable attorney's fees, costs and prejudgment interest.

7  **FIFTH CAUSE OF ACTION**

8  **(Unlawful, Unfair, Fraudulent Business Practices Against Defendant DAVID**

9  **TRIPLETT, and DOES 1-10, Inclusive)**

10  **[*California Business & Professions Code* §17200 *et seq.*]**

11      63.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

12  1-62.

13      64.    By marketing, advertising, promoting, selling and/or otherwise

14  dealing in the counterfeit FOCUS T25 products, Defendants have engaged in

15  unfair competition including unlawful, unfair and fraudulent business practices in

16  violation of the California Business and Professions Code §17200 *et seq.*

17      65.    Defendants' marketing, advertising, promoting, selling and/or

18  otherwise dealing in the counterfeit FOCUS T25 products is in violation and

19  derogation of Plaintiff's rights and is likely to cause confusion, mistake and

20  deception among consumers and the public as to the source, origin, sponsorship, or

21  quality of the goods of Defendant, thereby causing loss, damage and injury to

22  Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause

23  such loss, damage and injury.

24      66.    Defendants knew or by the exercise of reasonable care should have

25  known that their marketing, advertising, promoting, selling and/or otherwise

26  dealing in and their continuing marketing, advertising, promoting, selling and/or

27  otherwise dealing in the counterfeit product would cause confusion mistake or

28  deception among purchasers, users and the public.

67.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

68.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

69.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

70.   Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

71.   Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

///

///

///

**SIXTH CAUSE OF ACTION**

**(Unfair Competition Against Defendant DAVID TRIPLETT, and DOES 1-10, Inclusive)**

**[California Common Law]**

72.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-71.

73.     By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit FOCUS T25 products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

74.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit FOCUS T25 products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

75.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

76.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

1     77.    Upon information and belief, the conduct of Defendants has been

2 knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

3 deceive, and in disregard of Plaintiff's rights.

4     78.    Defendants' wrongful conduct, as alleged above, has permitted and

5 will permit them to make substantial sales and profits on the strength of Plaintiff's

6 nationwide marketing, advertising, sales and consumer recognition. As a direct

7 and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

8 has been and will be deprived of substantial sales of its products in an amount as

9 yet unknown but to be determined at trial, and has been and will be deprived of the

10 value of its trademarks as commercial assets, in an amount as yet unknown but to

11 be determined at trial. Plaintiff seeks an order granting Defendants' profits

12 stemming from its infringing activity, and its actual and/or compensatory damages.

13     79.    Plaintiff has no adequate remedy at law for Defendants' continuing

14 violation of its rights set forth above. Plaintiff seeks preliminary and permanent

15 injunctive relief.

16     80.    Plaintiff seeks exemplary or punitive damages for Defendants'

17 intentional misconduct.

18     WHEREFORE, Plaintiff BEACHBODY, LLC, prays for judgment against

19 Defendant DAVID TRIPLETT, and DOES 1-10, inclusive, and each of them, as

20 follows:

21      A. For an award of Defendants' profits and Plaintiff's damages in an amount

22          to be proven at trial for trademark infringement under 15 U.S.C.

23          §1114(a);

24      B. For an award of Defendants' profits and Plaintiff's damages in an amount

25          to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

26      C. For an award of Defendants' profits and Plaintiff's damages in an amount

27          to be proven at trial for false designation of origin and unfair competition

28          under 15 U.S.C. §1125(a);

D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For damages to be proven at trial for common law unfair competition;

I. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

J. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their

1        legal obligations, or as equity requires;

2     K. For an order from the Court that an asset freeze or constructive trust be

3          imposed over all monies and profits in Defendants' possession which

4          rightfully belong to Plaintiff;

5     L. For destruction of the infringing articles in Defendants' possession under

6          15 U.S.C. §1118 and 17 U.S.C. §503;

7     M. For treble damages suffered by Plaintiff as a result of the willful and

8          intentional infringements and acts of counterfeiting engaged in by

9          Defendants, under 15 U.S.C. §1117(b);

10    N. For damages in an amount to be proven at trial for unjust enrichment;

11    O. For an award of exemplary or punitive damages in an amount to be

12         determined by the Court;

13    P. For Plaintiff's reasonable attorney's fees;

14    Q. For all costs of suit; and

15    R. For such other and further relief as the Court may deem just and

16         equitable.

17

18                    **DEMAND FOR JURY TRIAL**

19       Plaintiff BEACHBODY, LLC, respectfully demands a trial by jury in this

20  action.

21

22  DATED: April 23, 2014           JOHNSON & PHAM, LLP

23

24                       By: _____

25                       Christopher D. Johnson, Esq.

                         Christopher Q. Pham, Esq.

26                       Marcus F. Chaney, Esq.

                         Attorneys for Plaintiff

27                       BEACHBODY, LLC

28

**Exhibit A**

# United States of America
## United States Patent and Trademark Office

# FOCUS T25

**Reg. No. 4,404,411**
**Registered Sep. 17, 2013**
**Int. Cls.: 9 and 41**

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

BEACHBODY, LLC (DELAWARE LIMITED LIABILITY COMPANY)
THIRD FLOOR 3301 EXPOSITION BLVD.
SANTA MONICA, CA 90404

FOR: PRE-RECORDED VIDEO CASSETTES, CDS AND DVDS FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUCTION, AND RELATED WRITTEN MATERIALS, ALL SOLD AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-25-2013; IN COMMERCE 6-24-2013.

FOR: PROVIDING A WEB SITE FEATURING ON-LINE INSTRUCTION IN THE FIELD OF PHYSICAL EXERCISE AND NUTRITION AND ALSO FOR TRACKING PROGRESS OF WORKOUTS; EDUCATIONAL SERVICES AND ON-LINE EDUCATIONAL SERVICES, NAMELY, PROVIDING INSTRUCTION IN THE FIELDS OF EXERCISE EQUIPMENT, PHYSICAL EXERCISE AND NUTRITION, AND INSTRUCTIONAL MATERIALS DISTRIBUTED IN CONNECTION THEREWITH; PHYSICAL FITNESS TRAINING SERVICES, NAMELY, PHYSICAL FITNESS TRAINING SERVICES FEATURING THE TRACKING PROGRESS OF WORKOUTS FOR OTHERS; ENTERTAINMENT SERVICES, NAMELY, CONDUCTING CONTESTS; EDUCATIONAL SERVICES, NAMELY, PROVIDING WEB-BASED, CLASSROOM AND OTHER TRAINING IN THE FIELD OF EXERCISE EQUIPMENT, PHYSICAL FITNESS, DIET AND NUTRITIONAL PROGRAMS FOR CERTIFICATION OF AND CONTINUING EDUCATION FOR INSTRUCTORS AND DISTRIBUTION OF TRAINING MATERIAL IN CONNECTION THEREWITH; EDUCATIONAL SERVICES, NAMELY, CONDUCTING CLASSES, SEMINARS, CONFERENCES, WORKSHOPS, AND FIELD TRIPS IN THE FIELD OF EXERCISE EQUIPMENT, DIET AND NUTRITIONAL PROGRAMS, AND SALES TECHNIQUES AND DISTRIBUTION OF TRAINING MATERIAL IN CONNECTION THEREWITH; MEMBERSHIP CLUB SERVICES, NAMELY, PROVIDING TRAINING TO MEMBERS IN THE FIELD OF EXERCISE EQUIPMENT, DIET AND NUTRITIONAL PROGRAMS, AND SALES TECHNIQUES; EDUCATIONAL SERVICES, NAMELY, OFFERING OF ASSESSMENTS AND SURVEYS IN THE FIELD OF EDUCATOR TRAINING AND PERFORMANCE FOR THE PURPOSE OF IMPROVING TEACHING PROCEDURES; PHYSICAL FITNESS TRAINING SERVICES AND CONSULTANCY; PROVIDING INFORMATION IN THE FIELD OF EXERCISE TRAINING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-25-2013; IN COMMERCE 6-24-2013.



Deputy Director of the United States Patent and Trademark Office

**Reg. No. 4,404,411** THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-655,160, FILED 6-19-2012.

ZHALEH DELANEY, EXAMINING ATTORNEY

Page: 2 / RN # 4,404,411

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# Exhibit B

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,412,310**

**Registered Oct. 1, 2013**

**Int. Cls.: 9 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BEACHBODY, LLC (DELAWARE LIMITED LIABILITY COMPANY)
THIRD FLOOR
3301 EXPOSITION BLVD.
SANTA MONICA, CA 90404

FOR: PRE-RECORDED VIDEO CASSETTES, CDS AND DVDS FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUCTION, AND RELATED WRITTEN MATERIALS, ALL SOLD AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-25-2013; IN COMMERCE 6-24-2013.

FOR: PROVIDING A WEB SITE FEATURING ON-LINE INSTRUCTION IN THE FIELD OF PHYSICAL EXERCISE AND NUTRITION AND ALSO FOR TRACKING PROGRESS OF WORKOUTS; EDUCATIONAL SERVICES AND ON-LINE EDUCATIONAL SERVICES, NAMELY, PROVIDING INSTRUCTION IN THE FIELDS OF EXERCISE EQUIPMENT, PHYSICAL EXERCISE AND NUTRITION, AND INSTRUCTIONAL MATERIALS DISTRIBUTED IN CONNECTION THEREWITH; PHYSICAL FITNESS TRAINING SERVICES, NAMELY, PHYSICAL FITNESS TRAINING SERVICES FEATURING THE TRACKING PROGRESS OF WORKOUTS FOR OTHERS; ENTERTAINMENT SERVICES, NAMELY, CONDUCTING CONTESTS; EDUCATIONAL SERVICES, NAMELY, PROVIDING WEB-BASED, CLASSROOM AND OTHER TRAINING IN THE FIELD OF EXERCISE EQUIPMENT, PHYSICAL FITNESS, DIET AND NUTRITIONAL PROGRAMS FOR CERTIFICATION OF AND CONTINUING EDUCATION FOR INSTRUCTORS AND DISTRIBUTION OF TRAINING MATERIAL IN CONNECTION THEREWITH; EDUCATIONAL SERVICES, NAMELY, CONDUCTING CLASSES, SEMINARS, CONFERENCES, WORKSHOPS, AND FIELD TRIPS IN THE FIELD OF EXERCISE EQUIPMENT, DIET AND NUTRITIONAL PROGRAMS, AND SALES TECHNIQUES AND DISTRIBUTION OF TRAINING MATERIAL IN CONNECTION THEREWITH; MEMBERSHIP CLUB SERVICES, NAMELY, PROVIDING TRAINING TO MEMBERS IN THE FIELD OF EXERCISE EQUIPMENT, DIET AND NUTRITIONAL PRO-GRAMS, AND SALES TECHNIQUES; EDUCATIONAL SERVICES, NAMELY, OFFERING OF ASSESSMENTS AND SURVEYS IN THE FIELD OF EDUCATOR TRAINING AND PER-FORMANCE FOR THE PURPOSE OF IMPROVING TEACHING PROCEDURES; PHYSICAL FITNESS TRAINING SERVICES AND CONSULTANCY; PROVIDING INFORMATION IN THE FIELD OF EXERCISE TRAINING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-25-2013; IN COMMERCE 6-24-2013.

Deputy Director of the United States Patent and Trademark Office

**Reg. No. 4,412,310**   THE MARK CONSISTS OF CAPITAL T WITH THE WORD FOCUS IN THE TOP OF THE T
WITH 25 TO THE RIGHT OF THE T.

SN 85-858,869, FILED 2-25-2013.

MICHAEL SOUDERS, EXAMINING ATTORNEY

Page: 2 / RN # 4,412,310

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

Exhibit C

Int. Cls.: 5, 9 and 41

Prior U.S. Cls.: 6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,665,151
Registered Dec. 24, 2002

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

## BEACH BODY

PRODUCT PARTNERS, LLC (CALIFORNIA LIM-
ITED LIABILITY COMPANY)
3340 OCEAN PARKWAY BLVD., SUITE 3040
SANTA MONICA, CA 90405

FOR: DIETARY SUPPLEMENTS AND DIET AIDS, NAMELY VITAMINS AND MINERAL SUPPLE-MENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: PRE-RECORED VIDEO CASSETTES FEA-TURING EXERCISE, FITNESS AND DIETARY IN-FORMATION AND INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: EDUCATIONAL SERVICE, NAMELY IN-STRUCTION IN THE USE OF EXERCISE EQUIP-MENT AND DIET PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

SER. NO. 76-046,578, FILED 3-17-2000.

JEFF DEFORD, EXAMINING ATTORNEY

**Exhibit D**

Int. Cls.: **5, 9 and 41**

Prior U.S. Cls.: **6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107**

Reg. No. **2,853,244**

## United States Patent and Trademark Office

Registered June 15, 2004

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



PRODUCT PARTNERS, LLC (CALIFORNIA LIMITED LIABILITY CORPORATION)
8383 WILSHIRE BOULEVARD
SUITE 1050
BEVERLY HILLS, CA 90211

FOR: MEAL REPLACEMENT PROTEIN BARS, DIETARY SUPPLEMENTS AND DIET AIDS, NAMELY VITAMINS AND MINERAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: PRE-RECORDED VIDEO TAPES, DVDS, AND CDS, FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: EDUCATIONAL SERVICES, NAMELY INSTRUCTION IN THE FIELDS OF EXERCISE EQUIPMENT AND DIET PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

SER. NO. 76-529,751, FILED 7-14-2003.

MARC LEIPZIG, EXAMINING ATTORNEY

**Exhibit E**

Int. Cls.: **5, 9 and 41**

Prior U.S. Cls.: **6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107**

Reg. No. **2,862,904**

## United States Patent and Trademark Office

Registered July 13, 2004

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## BEACHBODY

PRODUCT PARTNERS, LLC (CALIFORNIA LIM-
ITED LIABILITY CORPORATION)
8383 WILSHIRE BOULEVARD SUITE 1050
BEVERLY HILLS, CA 90211

FOR: MEAL REPLACEMENT PROTEIN BARS,
DIETARY SUPPLEMENTS AND DIET AIDS, NAME-
LY VITAMINS AND MINERAL SUPPLEMENTS, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: PRE-RECORDED VIDEO TAPES, CAS-
SETTES, DVDS, AND CDS, FEATURING EXERCISE,
FITNESS AND DIETARY INFORMATION AND
INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: EDUCATIONAL SERVICES, NAMELY IN-
STRUCTION IN THE FIELDS OF EXERCISE EQUIP-
MENT, FITNESS EXERCISE, AND DIET AND
NUTRITION PROGRAMS , IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

OWNER OF U.S. REG. NO. 2,665,151.

SER. NO. 78-280,327, FILED 7-29-2003.

MARC LEIPZIG, EXAMINING ATTORNEY

**Exhibit F**

Int. Cls.: 5, 9 and 41

Prior U.S. Cls.: 6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107

Reg. No. 2,873,866

## United States Patent and Trademark Office

Registered Aug. 17, 2004

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



PRODUCT PARTNERS, LLC (CALIFORNIA LIM-ITED LIABILITY CORPORATION)
8383 WILSHIRE BOULEVARD, SUITE 1050
BEVERLY HILLS, CA 90211

FOR: MEAL REPLACEMENT PROTEIN BARS, DIETARY SUPPLEMENTS AND DIET AIDS, NAME-LY VITAMINS AND MINERAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: PRE-RECORDED VIDEO TAPES, DVDS, AND CDS, FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUC-TION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: EDUCATIONAL SERVICES, NAMELY IN-STRUCTION IN THE FIELDS OF EXERCISE EQUIP-MENT AND DIET PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

OWNER OF U.S. REG. NO. 2,665,151.

SER. NO. 76-529,764, FILED 7-14-2003.

MARC LEIPZIG, EXAMINING ATTORNEY

**Exhibit G**

# Transaction Details

**Express Checkout Payment Sent** (Unique Transaction ID #7P6657032P005241X)

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jan 14, 2014 | Payment To David Triplett | Completed | ... | -$134.99 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jan 14, 2014 | Add Funds from a Bank Account | Completed | Details | $134.99 USD |

### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Shaun T T25 Alpha Beta & Gamma Workouts Complete Full Set T 25 Weight Loss DVDs Item # 221354352505 | | $134.99 USD |
| | | Amount | $134.99 USD |

**Order Description:** Shopping Cart
**Item Total:** $134.99 USD
**Sales Tax:**
**Shipping:** $0.00 USD
**Seller discount or charges:** $0.00 USD

**Total amount:** -$134.99 USD
**Fee amount:** $0.00 USD
**Net amount:** -$134.99 USD
**Date:** Jan 14, 2014
**Time:** 17:42:36 PST
**Status:** Completed

**Insurance:** $0.00 USD

**Shipping Address:** See Jay
22647 Ventura Blvd
# 1007
Woodland Hills, CA 91364-1416
United States
Confirmed ?

**Payment To:** David Triplett   (The recipient of this payment is **Verified**)
**Seller's ID:** bigdaddydivad1

**Seller's Email:** meetdtrip@gmail.com

---

**Funding Type:** Instant Transfer
**Funding Source:** $134.99 USD - J.P. MORGAN CHASE BANK, N.A. Checking (Confirmed) x-2785
**Back Up Funding Source:** MasterCard Credit Card XXXX-XXXX-XXXX-4844

---

**Description:** Shopping Cart

---

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

[ Return to My Account ]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and to
Magistrate Judge _____ Jay C. Gandhi _____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-03150 ODW-JCGx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

April 24, 2014

Date

By  SBOURGEOIS

Deputy Clerk

### ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| BEACHBODY, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| DAVID TRIPLETT, an Individual; and DOES 1-10, Inclusive, | ) CV14-3150 ODW-JCGx ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David Triplett
2114 Rosewood Ct.
Charleston, IL 61920-3710

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Marcus F. Chaney, Esq.
Johnson & Pham, LLP
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, California 91367
Tel: (818) 888-7540
Fax: (818) 888-7544

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _APR 2 4 2014_                                    _____
*Signature of Clerk or Deputy Clerk*
1184



**ORIGINAL**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*


                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| BEACHBODY, LLC, a Delaware Limited Liability Company | DAVID TRIPLETT, an Individual |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Coles<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd., Suite 326<br>Woodland Hills, California 91367<br>Tel: (818) 888-7540 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. section 1114/Lanham Act section 32(a)) / Federal Copyright Infringement (17 U.S.C. section 501(a))

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | |
|---|---|---|

CV14-3150

CV-71 (11/13)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the <br> SOUTHERN DIVISION. <br> Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the <br> EASTERN DIVISION. <br> Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  [X] NO  [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed i**n this court** that are related to the present case?  [X] NO  [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____  DATE: April 23, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |